UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SCANNED at WVCF and Emailed on
2-13-19 by SJ - 55 pages.
(date)    (initials)    (num)

ASHER HILL, )
PLAINTIFF )
        VS.        )   CASE NO.
DENNIS MEYER, )
ET AL.        )
DEFENDANTS. )    2:19-cv-00079-JPH-MJD

FILED
4:12 pm, Feb 12, 2019

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

COMPLAINT WITH JURY DEMAND

I.  INTRODUCTION

THIS IS A CIVIL RIGHTS ACTION
FILED BY ASHER HILL, A STATE
PRISONER FOR DAMAGES AND
INJUNCTIVE RELIEF UNDER
42 U.S.C. §1983, ASSERTING
DELIBERATE INDIFFERENCE TO
SERIOUS DENTAL NEEDS IN
VIOLATION OF THE EIGHTH
AMENDMENT TO THE UNITED
STATES CONSTITUTION.

1

## II. JURISDICTION

1. THE COURT HAS JURISDICTION OVER THE PLAINTIFF'S CLAIM OF VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. §§1331 AND 1343.

## III. PLAINTIFF

2. PLAINTIFF, ASHER B. HILL, IS AND WAS AT ALL TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF INDIANA IN THE CUSTODY OF THE INDIANA DEPARTMENT OF CORRECTIONS. HE IS CURRENTLY CONFINED IN THE SECURED CONTROL UNIT AT THE WABASH VALLEY CORRECTIONAL FACILITY, P.O. BOX 1111, CARLISLE, INDIANA 47838.

## IV. DEFENDANTS

3. DEFENDANT DENNIS MEYER IS A DENTIST AT THE WVCF. 6908 S. OLD U.S. HWY. 41 P.O. BOX 500. CARLISLE, INDIANA 47838.

4. DEFENDANT RUTHIE JIMERSON IS A DENTIST AT THE WVCF. 6908 S. OLD U.S. HWY. 41 P.O. BOX 500. CARLISLE, INDIANA 47838.

5. DEFENDANT KIM HOBSON IS THE HEALTH CARE ADMINISTRATOR AT WVCF. 6908 S. OLD U.S. HWY. 41 P.O. BOX 500 CARLISLE, INDIANA 47838.

6. DEFENDANT RICHARD BROWN IS THE WARDEN OF THE WVCF, 6908 S. OLD U.S. HWY. 41 P.O. BOX 500 CARLISLE, INDIANA 47838.

7. DEFENDANT MICHAEL SMITH IS THE QUALITY ASSURANCE MANAGER AT IDOC: 302 W. WASHINGTON ST. INDIANAPOLIS, INDIANA 46204

8. DEFENDANT NIKKI TAFOYA IS THE QUALITY ASSURANCE MANAGER AT IDOC: 302 W. WASHINGTON ST. INDIANAPOLIS, INDIANA 46204

9. EACH DEFENDANT IS SUED INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY. AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

## V. FACTS

10. ON 1-25-18, PLTF HILL SUBMITTED HEALTH CARE REQUEST(HCR) #286016 TO DENTAL COMPLAINING OF A CAVITY IN TOOTH#16 AND REQUEST TO SEE THE DENTIST. ∠ EXH. A 7

11. ON 3-7-18, PLTF HILL SUBMITTED HCR# 286015 TO DENTAL STATING THAT THE FILLING CAME OUT OF TOOTH #28 AND REQUESTED TO SEE THE DENTIST. ∠ EXH. B 7

12. ON 3-26-18, PLTF HILL SUBMITTED HCR# 286023 COMPLAINING OF SEVERE PAIN IN TEETH NO. 16 AND NO. 28 AND REQUESTED TO SEE THE DENTIST. ∠ EXH. C 7

71 - DAY DELAY IN TREATING TOOTH #16

13. ON 4-5-18, WHEN PLTF HILL FINALLY SAW DEF. DR. MEYER, HE TOLD HIM THAT HE WAS HAVING PAIN IN BOTH TEETH #16 AND #28 BUT THE PAIN IN TOOTH #28 WAS MORE SEVERE. PLTF HILL SPECIFICALLY ASKED DEF. DR. MEYER TO REFILL THE CAVITY IN TOOTH #28. HOWEVER, DEF. DR. MEYER TOLD PLTF HILL THAT HE COULD NOT REFILL THE CAVITY IN TOOTH #28 BECASE HE WAS SCHEDULED TO HAVE THE CAVITY IN TOOTH #16 FILL, HE HAD TO FILL IT FIRST. MOREOVER, DEF. DR. MEYER INSTRUCTED PLTF HILL TO SUBMIT ANOTHER HCR IN EIGHT WEEKS TO HAVE CAVITY IN TOOTH #28 REFILL.

14. PLTF HILL WAITED IN PAIN FOR 71 DAY BEFORE DEF. DR. MEYER TREATED THE CAVITY IN TOOTH #16. MOREOVER, DURING THE 71 - DAY DELAY IN TREATMENT, DEF. DR. MYER DID NOT PRESCRIBE ANY MEDICATION TO RELIEVE PLTF HILL'S CHRONIC PAIN IN TOOTH #16.

98-DAY DELAY IN TREATING TOOTH#28

15. ON 4-13-18, PLTF HILL SUBMITTED HCR#294425 TO DENTAL STATING THAT THE FILLING CAME OUT OF TOOTH#28 AND THAT HE HAD A SEVERE TOOTHACHE AND REQUESTED TO SEE THE DENTIST ASAP. < EXH. D7

16. ON 5-29-18, PLTF HILL SUBMITTED HCR#294429 STATING THAT THE FILLING CAME OUT OF TOOTH#28 MONTHS AGO AND THE PAIN IN TOOTH#28 HAD BECOME UNBEARABLE. PLTF HILL STATED THAT TWO PAINFUL BUMPS HAD FORMED UNDER THE CAVITY IN TOOTH#28 THAT WAS DISCHARGING PUSS AND BLOOD. PLTF HILL FURTHER STATED HIS RIGHT JAW HURT AND IT WAS SO SWOLLEN THAT WHEN HE CHEWED HIS FOOD, HE'D BITE HIS RIGHT JAW, CAUSING IT TO BLEED AND THAT HIS GUMS WAS VERY SORE. < EXH.E7 THUS, PLTF HILL'S CONDITION WORSENED AS A RESULT OF THE DELAYED TREATMENT.

17. ON 6-12-19, DEF. DR. MEYER DIAGNOSED TOOTH #28 WITH A LARGE CLASS 5 CARIES INTO WIDE OPEN NECROTIC PULP. DEF. DR. MEYER INFORMED PLTF HILL THAT IT WAS TOO LATE TO REFILL THE CAVITY IN TOOTH #28 SO IT HAD TO BE EXTRACTED. < EXH. F. 1-27. THUS, PLTF HILL LOST TOOTH #28 AS A RESULT OF THE DELAYED TREATMENT. MOREOVER, DURING THE 98-DAY DELAY IN TREATMENT, DEF. DR. MEYER DID NOT PRESCRIBE ANY MEDICATION TO RELIEVE PLTF HILL'S SEVERE PAIN. MOST SIGNIFICANTLY, IF DEFS. DRS. MEYER OR JIMERSON HAD REFILL THE CAVITY IN TOOTH #28 EARLIER THAT TOOTH COULD HAVE BEEN SAVED. THUS, DUE TO DEFS. DRS. MEYER'S AND JIMERSON'S FAILURE TO REFILL CAVITY IN TOOTH #28 IN A TIMELY MANNER, IT HAD TO BE PULLED.

18. ON 6-17-18, PLTF HILL SUBMITTED HCR #293144 STATING HE HAD SEVERE PAIN IN HIS RIGHT JAWBONE AND GUMS AND REQUESTED ANTIBIOTICS TO TREAT ANY POSSIBLE INFECTION. < EXH. G>

19. ON 6-21-18, WHEN DEF. DR. MEYER EXAMINED PLTF HILL'S RIGHT JAW AND GUMS, HE INFORMED HIM THAT HE SUFFERED FROM PROBABLE MILD POST-OPERATIVE INFECTION. DEF. DR. MEYER PRESCRIBED PLTF HILL ANTIBIOTICS FOR THE INFECTION. ∠EXH.#7

20. PRIOR TO THE EXTRACTION OF TOOTH #28, PLTF HILL COMPLAINED OF PAIN AND SWELLING IN HIS RIGHT JAW AND SORENESS OF GUMS. ∠EXH. E7 THUS, LOGIC SUGGESTS THAT THE INFECTION DID NOT OCCUR AS A RESULT OF POST-OPERATIVE AS DEF. DR. MEYER CLAIM BUT MORE THAN LIKELY OCCURRED DURING THE 98-DAY DELAY IN TREATING TOOTH # 28. ∠EXH.E7 TO DATE, PLTF HILL STILL HAVE SEVERE PAIN IN HIS RIGHT JAWBONE AND SORENESS IN HIS GUMS.

21. PLTF HILL FILED GRIEVANCE #101824 ABOUT DEF. DR. MEYER TELLING HIM THAT HE HAD TO WAIT EIGHT WEEKS BEFORE HE TREATED HIS PAINFUL CAVITY IN TOOTH #28. ∠ EXH. I7

8

22. IN RESPONSE TO GRIEVANCE #101824, DEF. HOBSON STATED: "PER DR. MEYER 4-5-18 VISIT YOU INSISTED TO HAVE THE UPPER TOOTH FIXED VS. LOWER. PER INSTRUCTION OF DENTIST, PLACE ANOTHER HCRF IN 6-8 WEEKS. YOU ARE NOT THE ONLY OFFENDER IN NEED FOR SEEING THE DENTIST." ∠EXH. J7

23. IN RESPONSE TO GRIEVANCE #101824, DEF. BROWN STATED IN PART: "YOUR MEDICAL CARE HAS BEEN APPROPRIATE AND ACCORDANCE WITH POLICY." ∠EXH. K7

24. IN RESPONSE TO GRIEVANCE #101824, DEF. SMITH STATED IN PART: "DENTAL CONDUCTS ITS TREATMENT RELATED TO IDOC POLICY AND ADDRESSES EACH ISSUE ONE AT A TIME." ∠EXH. J7

25. THE AFOREMENTIONED DEFENDANTS WAS AWARE OF PLTF HILL'S SEVERE DENTAL PAIN, BUT AUTHORIZED THE DELAYED TREATMENT FOR A NON-MEDICAL REASON ── "IDOC POLICY REQUIRES DENTAL ISSUES TO BE ADDRESSED ONE AT A TIME."

26. ALL DEFENDANTS ACTED WITH DELIBERATE INDIFFERENCE TO PLTF HILL'S DENTAL PAIN AND THEY DID SO PURSUANT TO IDOC POLICY.

27. IDOC POLICIES OF DELAYING TREATMENT FOR SEVERE DENTAL NEEDS SIX TO EIGHT WEEKS OR LONGER AND ADDRESSING ONE SEVERE DENTAL ISSUE AT A TIME CONSTITUTE DELIBERATE INDIFFERENCE TO PLTF HILL'S SERIOUS DENTAL NEEDS IN VIOLATION OF HIS EIGHTH AMENDMENT RIGHTS.

64-DAY DELAY IN TREATING TOOTH #14

28. ON 9-25-18, PLTF HILL SUBMITTED HCR# 293145 COMPLAINING OF SEVERE PAIN IN TOOTH #14 AND SORE AND SWOLLEN GUMS. ∠EXH. L7

29. ON 10-28-18, PLTF HILL SUBMITTED HCR# 295823 COMPLAINING OF EXCRUCIATING PAIN IN TOOTH #14 AND SWOLLEN AND SORE GUMS. PLTF HILL FURTHER COMPLAINED THAT THE PAIN HAD BECOME SO UNBEARABLE THAT HE COULD NOT

CHEW ON THE LEFT SIDE OF HIS MOUTH. ∠ EXH. M7 THUS, THE DELAYED TREATMENT CAUSED PLTF HILL TO SUFFER UNNECESSARY PAIN AND MADE HIS CONDITION DETERIORATE.

30. ON 11-13-18, DEF. DR. MEYER DIAGNOSED TOOTH#14 WITH AN INFECTION AND PRESCRIBED ANTIBIOTICS BEFORE TREATMENT. ULTIMATELY, ON 11-27-18, DEF. DR. MEYER EXTRACTED TOOTH#14 AND PRESCRIBED IBUPROFEN. ∠ EXH. N7 THUS, THE DELAYED TREATMENT RESULTED IN AN INFECTION IN TOOTH#14.

31. WHEN DEF. MEYER PULLED TOOTH#14, HE LEFT ROOT TIPS IN AND INFORMED PLTF HILL HE WOULD REMOVE THEM AT LATER DATE. ON 1-5-19, PLTF HILL SUBMITTED HCR# 295826 COMPLAINING OF SEVERE PAIN IN THE AREA OF THE ROOT TIPS OF TOOTH #14. ∠ EXH. O7 TO DATE, DEF. DR. MEYER STILL HAVE NOT REMOVED THE ROOT TIPS OF TOOTH #14.

32. PLTF HILL FILED GRIEVANCE#104398 ABOUT DEF. DR. MEYER'S FAILURE TO TIMELY TREAT TOOTH #14. ∠EXH.P.7

33. IN RESPONSE TO GRIEVANCE#104398, DEF. HOBSON STATED: "YOU HAVE BEEN SEEN BY THE DENTIST FOR THIS ISSUE." ∠EXH. Q7

34. IN RESPONSE TO GRIEVANCE#104398, DEF. BROWN STATED IN PART: "YOUR SEEN BY THE DENTIST ON 11/13/18 AND GIVEN AN ANTIBIOTIC FOR THE INFECTION, THE TOOTH WAS SUBSEQUENTLY REMOVED ON 11/27/18." ∠EXH.R7

35. IN RESPONSE TO GRIEVANCE#104398, DEF. TAFOYA STATED IN PART: "YOUR RECORDS HAVE BEEN REVIEWED AND CARE IS APPROPRIATE AT THIS TIME." ∠EXH. Q7

36. THE AFOREMENTIONED DEFENDANTS WERE DELIBERATELY INDIFFERENT TO PLTF HILL'S SEVERE DENTAL PAIN IN TOOTH#14 BECAUSE THEY HAD THE AUTHORITY TO DIRECT DEF. DR. MEYER TO TREAT HIS TOOTH #14 IN A TIMELY MANNER BUT THEY FAILED TO DO SO.

12

FAILURE TO PROVIDE ROOT CANALS

37. IN JANUARY 2017, DEF. JIMERSON INFORMED PLTF HILL HE NEEDED A ROOT CANAL DONE ON TOOTH# 2 BUT IDOC NO LONGER PERMITTED SUCH PROCEDURE SO SHE HAD TO PULL TOOTH# 2. MOREOVER, DEF. DR. MEYER TOLD PLTF HILL HE NEEDED A ROOT CANAL PERFORMED ON TOOTH # 28 BUT IDOC PROHIBIT SUCH PROCEDURE BECAUSE IT WAS TOO EXPENSIVE AND TIME CONSUMING. ∠EXH. 5?

38. PLTF HILL FILED GRIEVANCE# 102839 ABOUT IDOC POLICY PROHIBITING ROOT CANALS. IN GRIEVANCE# 102839, PLTF HILL COMPLAINED THAT HE HAS HAD TWO TEETH EXTRACTED DUE TO IDOC POLICY PROHIBITING ROOT CANALS, AND HE REQUESTED THAT IDOC DESIST ITS PRACTICE OF EXTRACTING RATHER THAN REPAIRING TEETH VIA ROOT CANALS. ∠EXH. 5?

IN THEIR RESPONSE TO GRIEVANCE #
102839, DEFENDANTS HOBSON, BROWN
AND FAFOYA FAILED TO ADDRESS
PLTF HILL'S COMPLAINT AND REQUEST.
MOST SIGNIFICANTLY, THE DEFENDANTS
DOES NOT DENY THAT IDOC PROHIBIT
ROOT CANALS. ∠ EX. T. 1·27

39. THE IDOC POLICY PROHIBITING ROOT
CANALS CONSTITUTE DELIBERATE INDIFFERENCE
TO PLTF HILL'S SERIOUS DENTAL NEEDS.
MOREOVER, AS STATED ABOVE, PLTF HILL
HAVE LOST TWO TEETH DUE TO IDOC
POLICY PROHIBITING ROOT CANALS.

35- DAY DELAY IN RESTORING RESIN CROWN #8

40. ON 9·18·19, PLTF HILL SUBMITTED
HCR #292935 STATING THAT RESIN
CROWN TOOTH #8 FELL OUT AND THAT
HE WAS HAVING SEVERE PAIN. ∠EXH.07

41. ON 9·25·18, DEF. DR. MYER RESTORED
RESIN CROWN #8 WITH A COMPOSITE
RESIN TOOTH. HOWEVER, ON 10·11·18,
PLTF HILL SUBMITTED HCR #293146
STATING THAT THE COMPOSITE RESIN
TOOTH #8 CAME OUT AND THAT HE
WAS HAVING SEVERE PAIN. ∠ EXH. Y7

ON 11-13-18, DEF. MEYER RESTORED PLTF HILL'S RESIN CROWN #8 WITH ANOTHER COMPOSITE RESIN TOOTH MUCH "SHORTER" AND A "DIFFERENT COLOR" THAN HIS OTHER FRONT TEETH. ∠ EXH. W7

42. DURING THE TIME PLTF HILL WAITED FOR RESTORATION OF RESIN CROWN #8, HE WAS IN SEVERE PAIN AND HE APPARENTLY DEVELOPED AN INFECTION BECAUSE DEF. DR. MEYER PRESCRIBED HIM ANTIBIOTICS AFTER HE RESTORED RESIN CROWN #8 ∠ EXH. X 7 THUS, THE 35- DAY DELAY IN RESTORING PLTF HILL'S RESIN CROWN #8 RESULTED IN AN INFECTION.

43. THE COMPOSITE RESIN TOOTH #8 IS LOCATED BETWEEN PLTF HILL'S TWO FRONT TEETH. PLTF HILL CANNOT BITE WITH HIS FRONT TEETH OR BRUSH THE COMPOSITE RESIN TOOTH FOR FEAR OF IT FALLING OUT AGAIN. MOREOVER, THE COMPOSITE RESIN TOOTH IS MUCH SHORTER THAN PLTF OTHER FRONT TEETH THAT IT APPEARS HE IS TOOTHLESS WHEN HE SMILE AND THUS CAUSING HIM EMBARRASSMENT.

FAILURE TO PROVIDE POST AND CROWN

44. ON 11-13-18, DEF. DR. MEYER TOLD PLTF HILL HE NEEDED A POST AND CROWN OR A PARTIAL DENTAL PLATE BUT HE COULD ONLY PROVIDE HIM WITH A COMPOSITE RESIN TOOTH IN REPLACEMENT OF RESIN CROWN #8 BECAUSE IDOC POLICIES PROHIBIT SUCH DENTAL PROCEDURES. DEF. DR. MEYER FURTHER INFORMED PLTF HILL HE DID NOT KNOW HOW LONG THE COMPOSITE RESIN TOOTH WOULD HOLD. ∠ EXH. Y. 7

45. PLTF HILL FILED GRIEVANCES #104873 ABOUT IDOC POLICIES PROHIBITING POST AND CROWNS AND PARTIAL DENTAL PLATES. IN THOSE GRIEVANCES #104873, PLTF HILL REQUESTED A "DURABLE" COMPOSITE TOOTH THE SAME SIZE AND COLOR AS HIS OTHER FRONT TEETH AS AN ALTERNATIVE. ∠ EXH. Y7

46. IN HIS RESPONSE TO GRIEVANCE #104873, DEF. HOBSON STATED THAT THE ANSWER ON THE INFORMAL IS APPROPRIATE". ∠ EXH. Z-17

47. IN RESPONSE TO GRIEVANCE #104873, DEF. BROWN STATED IN PART: "THE DENTIST IS REQUIRED TO WORK WITHIN THE POLICY SET FORTH, CURRENTLY DOC POLICY DOES NOT ALLOW THE PROCEDURE YOU WOULD PREFER." ∠ EXH. Z-27

48. IN RESPONSE TO GRIEVANCE #104873, DEF. TAFOYA STATED IN PART: "CURRENTLY IT IS REPORTED THAT TOOTH #8 IS STILL FUNCTIONAL. DENTAL DIRECTOR NOTES THAT AT THE TIME THE TOOTH IS NO LONGER FUNCTIONAL THEN IT WILL BE REMOVED PER DENTAL POLICY." ∠ EXH. Z.17

49. POST AND CROWNS AND PARTIAL DENTAL PLATES ARE SERIOUS DENTAL NEEDS. THUS, I DOC POLICY PROHIBITING POST AND CROWNS AND PARTIAL DENTAL PLATES CONSTITUTE DELIBERATE INDIFFERENCE TO PLTF HILL'S SERIOUS DENTAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT.

50. THE PLAINTIFF HAS NO PLAIN, ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS BEEN AND WILL CONTINUE TO

BE IRREPARIBLY INJURY BY THE CONDUCT OF THE DEFENDANTS UNLESS THIS COURT GRANTS THE DECLARATION AND INJUNCTIVE RELIEF WHICH PLAINTIFF SEEKS.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDY

51. PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES WITH RESPECT TO ALL CLAIMS AND ALL DEFENDANTS.

## VII. RELIEF

WHEREFORE, PLAINTIFF REQUESTS THE COURT GRANT THE FOLLOWING RELIEF:

52. A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND LAW OF THE UNITED STATES.

53. A PRELIMINARY INJUNCTION ORDERING DEFENDANTS TO REMOVE THE ROOT TIPS OF TOOTH #14 AND TREAT PERIODONTAL DISEASE IN REGARD TO TOOTH #16.

54. A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANTS TO DESIST EXTRACTING RATHER THAN REPAIRING TEETH VIA ROOT CANALS.

55. A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANTS TO PROVIDE PLTF HILL WITH A POST AND CROWN, PARTIAL DENTAL PLATE OR, IN THE ALTERNATIVE, PROVIDE PLTF HILL WITH AN "DURABLE" COMPOSITE TOOTH IN REPLACEMENT OF RESIN CROWN #8 THAT IS THE SAME SIZE AND COLOR AS HIS OTHER FRONT TEETH.

56. COMPENSATORY DAMAGES IN THE AMOUNT OF $100,000 AGAINST EACH DEFENDANTS, JOINTLY AND SEVERALLY.

57. PUNITIVE DAMAGES IN THE AMOUNT OF $50,000 AGAINST EACH DEFENDANT.

58. A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY.

59. PLAINTIFF'S COST IN THIS SUIT.

60. ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER AND EQUITABLE.

RESPECTFULLY SUBMITTED,

_Asher Hill_

ASHER HILL

VERIFICATION

I, ASHER B. HILL, HEREBY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE ABOVE AND FOREGOING REPRESENTATIONS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_Asher Hill_

PLAINTIFF

## CERTIFICATE OF SERVICE

A COPY OF THE FOREGOING HAS BEEN
SERVED ON ADVERSE PARTIES OR
THEIR COUNSEL PURSUANT TO THE
COURT'S PRISONER E-FILING PROGRAM.

Asher Hill

ASHER HILL

PLAINTIFF