UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

TERRE HAUTE DIVISION

ASHER HILL,

PLAINTIFF,

VS.

DENNIS MEYER,

ET AL.,

DEFENDANTS.

NO. 2:19-CV-00079-JPH-MJD

SCANNED at WVCF and Emailed on
3/2/20 by HM 52 pages.
(date)   (initials)   (num)

**FILED**

**12:43 pm, Mar 03, 2020**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

## AMENDED COMPLAINT

### I. INTRODUCTION

THIS IS A CIVIL RIGHTS ACTION FILED BY ASHER HILL, A STATE PRISONER FOR DAMAGES AND INJUNCTIVE RELIEF UNDER 42 U.S.C. §1983, ASSERTING DELIBERATE INDIFFERENCE TO SERIOUS DENTAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

1

## II. JURISDICTION

1. THE COURT HAS JURISDICTION OVER THE PLAINTIFF'S CLAIM OF VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. §§ 1331 AND 1343.

## III. PLAINTIFF

2. PLAINTIFF, ASHER HILL, IS AND WAS AT ALL TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF INDIANA IN THE CUSTODY OF THE INDIANA DEPARTMENT OF CORRECTION. HE IS CURRENTLY CONFINED IN THE SECURED CONTROL UNIT AT THE WABASH VALLEY CORRECTIONAL FACILITY, P.O. BOX 1111, CARLISLE, INDIANA 47838.

## IV. DEFENDANTS

3. DEFENDANT DENNIS MEYER IS A DENTIST AT THE WVCF. 6908 S. OLD U.S. HWY. 41 P.O. BOX 500 CARLISLE, INDIANA 47838.

4. DEFENDANT KIM HOBSON IS THE HEALTH CARE ADMINISTRATOR AT WVCF, 6908 S. OLD U.S. HWY. 41 P.O. BOX 500 CARLISLE, INDIANA 47838.

5. DEFENDANT RICHARD BROWN IS THE WARDEN OF THE WVCF. 6908 S. OLD U.S. HWY. 41 P.O. BOX 500 CARLISLE, INDIANA 47838.

6. DEFENDANT MICHAEL SMITH IS THE QUALITY ASSURANCE MANAGER AT IDOC: 302 W. WASHINGTON ST. INDIANAPOLIS, INDIANA 46204

7. DEFENDANT NIKKI TAFOYA IS THE QUALITY ASSURANCE MANAGER AT IDOC: 302 W. WASHINGTON ST. INDIANAPOLIS, INDIANA 46204

8. DEFENDANT ROBERT E. CARTER JR. IS THE COMMISSIONER OF THE DEPARTMENT OF CORRECTION INDIANA GOVERNMENT CENTER - SOUTH 302 WEST WASHINGTON STREET INDIANAPOLIS, INDIANA 46204

9. EACH DEFENDANT IS SUED INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY. AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

## V. FACTS

10. 1-25-18, PLAINTIFF SUBMITTED HEALTH CARE REQUEST ("HCR") #286016 TO DENTAL COMPLAINING OF A CAVITY IN TOOTH #16 AND REQUESTED TO SEE THE DENTIST. ∠ EXH. A 7

11. ON 3-26-18, PLAINTIFF SUBMITTED HCR# 286023 COMPLAINING OF SEVERE PAIN IN TOOTH #16 AND REQUESTED TO SEE THE DENTIST. ∠ EXH. B 7

71 - DAY DELAY IN TREATING TOOTH #16

12. ON 4-5-18, DEF. DR. MEYER PUT A FILLING IN TOOTH #16. THUS, THE PLAINTIFF WAITED IN PAIN FOR 71 DAYS BEFORE HE RECEIVED TREATMENT.

∠EXH.C7 MOREOVER, DURING THE 71-DAY
DELAYED TREATMENT, DEF. DR. MEYER
DID NOT PRESCRIBE ANY MEDICATION
TO RELIEVE THE PLAINTIFF'S
SEVERE PAIN IN TOOTH NO.16.

98-DAY DELAY IN TREATING TOOTH #28

13. ON 3-7-18, PLAINTIFF SUBMITTED
HCR#286015 TO DENTAL STATING
THAT THE FILLING CAME OUT OF TOOTH
#28 AND REQUESTED TO SEE THE DENTIST.
∠EXH.D7

14. DURING HIS APRIL 5, 2018 DENTAL VISIT,
PLAINTIFF INFORMED DEF. DR. MEYER
THAT HE WAS HAVING PAIN IN BOTH
TEETH #16 AND #28 BUT THE PAIN IN
TOOTH #28 WAS MORE SEVERE AND
PLAINTIFF SPECIFICALLY ASKED DEF.
DR. MEYER TO REFILL THE CAVITY IN
TOOTH #28. HOWEVER, DEF. DR. MEYER
INFORMED PLAINTIFF THAT HE COULD
NOT REFILL THE CAVITY IN TOOTH #28
BECAUSE HE WAS SCHEDULED TO HAVE
THE CAVITY IN TOOTH #16 FILL,

HE HAD TO FILL IT FIRST. MOREOVER,
DEF. DR. MEYER INSTRUCTED PLAINTIFF
TO SUBMIT ANOTHER HCR IN EIGHT
WEEKS TO HAVE THE CAVITY IN TOOTH
#28 REFILL. < EXH. E >

15. ON 4-13-18, PLAINTIFF SUBMITTED
HCR #294425 TO DENTAL STATING
THAT THE FILLING CAME OUT TOOTH#28
AND THAT HE HAD A SEVERE TOOTHACHE
AND REQUESTED TO SEE THE DENTIST ASAP.
< EXH. F. >

THE DELAY EXACERBATED PLAINTIFF'S
PAIN AND PROLONGED HIS SUFFERING

16. ON 5-29-18, PLAINTIFF SUBMITTED
HCR# 294429 IN WHICH HE STATED:
THE FILLING CAME OUT OF TOOTH#28
MONTHS AGO. THUS, I HAVE A LARGE
PAINFUL CAVITY IN TOOTH#28. THE
CAVITY HAVE PIERCED THE TOOTH
ENAMAL AND THE NERVE ENDINGS
ARE EXPOSED. SINCE SEEING DR.
MEYER ON 4-5-18, THE PAIN IN

TOOTH #28 HAVE BECOME UNBEARABLE.
ALSO, TWO PAINFUL BUMPS HAVE FORMED
UNDERNEATH THE CAVITY IN TOOTH #28
THATS DISCHARGING PUSS AND BLOOD.
THE RIGHT SIDE OF MY JAW IS HURTING
AND IS SWOLLEN. WHEN I CHEW, I BITE
THE INSIDE OF MY RIGHT JAW, CAUSING
IT TO BLEED. THE RIGHT SIDE OF
MY GUMS IS VERY SORE ∠ EXH. G7

THE SEVERE PAIN IN TOOTH #28
AFFECTED PLAINTIFF'S ABILITY
TO PARTICIPATE IN DAILY ACTIVITIES

17. DURING THE TIME PLAINTIFF WAS
EXPERIENCING SEVERE PAIN IN TOOTH #28,
HE COULD BARELY CHEW HIS FOOD,
AND HE RARELY BRUSHED HIS TEETH
TO AVOID INCREASING THE PAIN BY
IRRITATING HIS TEETH AND GUMS.
MOREOVER, IT WAS VERY DIFFICULT
FOR PLAINTIFF TO SLEEP SO HE
TOSS AND TURNED IN PAIN ALL NIGHT.

18. ON 6-5-18, PLAINTIFF WAS SCHEDULED FOR DENTAL APPOINTMENT BUT DEF. MEYER RESCHEDULED IT FOR 6-12-18 BECAUSE HE CLAIMED SHU OFFICERS HAD TO TAKE ANOTHER INMATE TO VIDEO COURT. ∠ EXH. C-27 HERE IT SHOULD BE NOTED THAT EVEN AFTER PLAINTIFF INFORMED DEF. DR. MEYER VIA HCR THAT HIS CONDITION HAD WORSEN, HE DELAYED TREATING TOOTH #28 FOR ANOTHER WEEK FOR A NONMEDICAL REASON - SHU OFFICERS HAD TO TAKE ANOTHER INMATE TO VIDEO COURT.

THE 98-DAY DELAY IN TREATMENT RESULTED IN THE LOSS OF TOOTH #28

19. ON 6-12-18, WHEN PLAINTIFF FINALLY SAW DEF. DR. MEYER, HE INFORMED PLAINTIFF THAT IT WAS TOO LATE TO REFILL THE CAVITY IN TOOTH #28 AND THUS PLAINTIFF CONSENTED TO THE EXTRACTION OF THAT TOOTH. ∠ EXH. C-27

20. APPARENTLY THE 98-DAY DELAY IN TREATMENT MADE TOOTH #28 NOT AMENDABLE TO RESTORATION AND CAUSED THE TOOTH TO BE EXTRACTED. MOST SIGNIFICANTLY, IF DEF. DR. MEYER HAD REFILL THE CAVITY IN TOOTH #28 IN A TIMELY MANNER, THE TOOTH COULD HAVE BEEN SAVED.

THE 98-DAY DELAY RESULTED IN AN INFECTION

21. ON 6-17-18, PLAINTIFF SUBMITTED HCR# 293144 STATING THAT HE HAD SEVERE PAIN IN HIS RIGHT JAWBONE AND GUMS AND REQUESTED ANTIBIOTICS TO TREAT ANY POSSIBLE INFECTION. ∠EXH. H7 ON 6-21-18, DEF. DR. MEYER EXAMINED PLAINTIFF'S RIGHT JAW AND GUM AND PRESCRIBED PLAINTIFF ANTIBIOTICS FOR AN INFECTION. ∠EX. I7

22. FORCING PLAINTIFF TO WAIT 98 DAYS IN SEVERE PAIN BEFORE TREATING THE CAVITY IN TOOTH #28 CONSTITUTE CREUL AND UNUSUAL PUNISHMENT.

ALSO, DEF. DR. MEYER'S DELAY IN TREATMENT CONSTITUTES A SUBSTANTIAL DEPARTURE FROM ACCEPTED PROFESSIONAL JUDGMENT.

23. PLAINTIFF FILED GRIEVANCE# 101824 ABOUT DEF. DR. MEYER TELLING HIM THAT HE HAD TO WAIT EIGHT WEEKS BEFORE HE TREATED HIS PAINFUL CAVITY IN TOOTH# 28. ∠ EXH. E 7

24. IN RESPONSE TO GRIEVANCE# 101824, DEF. HOBSON STATED: "PER DR. MEYER 4-5-18 VISIT YOU INSISTED TO HAVE THE UPPER TOOTH FIXED VS. LOWER. PER INSTRUCTION OF DENTIST, PLACE ANOTHER HCRF IN 6-8 WEEKS. YOU ARE NOT THE ONLY OFFENDER IN NEED FOR SEEING THE DENTIST." ∠ EXH. J 7

25. IN RESPONSE TO GRIEVANCE# 101824, DEF. BROWN STATED IN PART: "YOUR MEDICAL CARE HAS BEEN APPROPRIATE AND ACCORDANCE WITH POLICY." ∠ EXH. K 7

26. IN RESPONSE TO GRIEVANCE# 101824, DEFENDANT SMITH STATED IN PART:

10

DENTAL CONDUCTS ITS TREATMENT RELATED TO IDOC POLICY AND ADDRESSES EACH ISSUE ONE AT A TIME". (EXH. J)

27. THE AFOREMENTIONED DEFENDANTS WAS AWARE OF PLAINTIFF'S SEVERE DENTAL PAIN BUT AUTHORIZED THE DELAYED TREATMENT FOR A NON-MEDICAL REASON —"IDOC POLICY REQUIRES DENTAL ISSUE TO BE ADDRESSED ONE AT A TIME."

28. ALL DEFENDANTS ACTED WITH DELIBERATE INDIFFERENCE TO PLAINTIFF'S DENTAL PAIN AND THEY DID SO PURSUANT TO IDOC POLICY.

29. IDOC POLICY OF ADDRESSING ONE SEVERE DENTAL ISSUE AT A TIME CONSTITUTE DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS DENTAL NEEDS IN VIOLATION OF HIS EIGHTH AMENDMENT RIGHTS.

11

64 - DAY DELAY IN TREATING TOOTH #14

30. ON 9-25-18, PLAINTIFF SUBMITTED HCR #293145 COMPLAINING OF SEVERE PAIN IN TOOTH #14 AND SORE AND SWOLLEN GUMS. ∠EXH. L⟩

31. ON 10-28-18, PLAINTIFF SUBMITTED HCR #295823 COMPLAINING OF EXCRUCIATING PAIN IN TOOTH #14 AND SWOLLEN AND SORE GUMS. PLAINTIFF FURTHER COMPLAINED THAT THE PAIN HAD BECOME SO UNBEARABLE THAT HE COULD NOT CHEW ON THE LEFT SIDE OF HIS MOUTH. ∠EXH. M⟩ THUS, THE DELAYED TREATMENT CAUSED PLAINTIFF TO SUFFER UNNECESSARY PAIN AND MADE HIS CONDITION DETERIORATE.

32. ON 11-13-18, DEF. DR. MEYER DIAGNOSED TOOTH #14 WITH AN INFECTION AND PRESCRIBED ANTIBIOTICS BEFORE TREATMENT. ULTIMATELY, ON 11-27-18, DEF. DR. MEYER EXTRACTED TOOTH #14 AND PRESCRIBED

IBUPROFEN. ∠ EXH. N ⁊ THUS, THE DELAYED
TREATMENT RESULTED IN AN INFECTION
IN TOOTH#14. REPLEAD PARAGRAPH 17.

33. PLAINTIFF FILED GRIEVANCE#104398
ABOUT DEFENDANT DR. MEYER'S FAILURE
TO TIMELY TREAT TOOTH#14. ∠ EXH. O ⁊

34. IN RESPONSE TO GRIEVANCE#104398,
DEF. HOBSON STATED: "YOU HAVE BEEN
SEEN BY THE DENTIST FOR THIS ISSUE."
∠ EXH. P ⁊

35. IN RESPONSE TO GRIEVANCE#104398,
DEF. BROWN STATED IN PART: "YOUR SEEN
BY THE DENTIST ON 11/13/18 AND GIVEN
AN ANTIBIOTIC FOR THE INFECTION,
THE TOOTH WAS SUBSEQUENTLY
REMOVED ON 11/27/18." ∠ EXH. Q ⁊

36. IN RESPONSE TO GRIEVANCE#104398,
DEF. TAFOYA STATED IN PART: "YOUR
RECORDS HAVE BEEN REVIEWED AND
CARE IS APPROPRIATE AT THIS TIME."
∠ EXH. P ⁊

13

37. THE AFOREMENTIONED DEFENDANT WERE DELIBERATELY INDIFFERENT TO PLAINTIFF SEVERE DENTAL PAIN IN TOOTH #14 BECAUSE THEY HAD THE AUTHORITY TO DIRECT DEF. DR. MEYER TO TREAT HIS TOOTH #14 IN A TIMELY MANNER BUT FAILED TO DO SO.

35-DAY DELAY IN RESTORING RESIN CROWN #8

39. ON 9-18-19, PLAINTIFF SUBMITTED HCR #292935 STATING THAT RESIN CROWN TOOTH #8 FELL OUT AND THAT HE WAS HAVING SEVERE PAIN. ∠EXH. R 7

40. ON 9-25-18, DEF. DR. MEYER RESTORED RESIN CROWN #8 WITH A COMPOSITE RESIN TOOTH. HOWEVER, ON 10-11-18, PLAINTIFF SUBMITTED HCR #293146 STATING THAT THE COMPOSITE RESIN TOOTH #8 CAME OUT AND THAT HE WAS HAVING SEVERE PAIN. ∠EXH. S 7 ON 11-13-18, DEF. MEYER RESTORED PLAINTIFF'S RESIN CROWN #8 WITH ANOTHER COMPOSITE RESIN TOOTH MUCH "SHORTER" AND A "DIFFERENT COLOR"

14

THAN HIS OTHER FRONT TEETH. ∠EXH. T7

41. DURING THE TIME PLAINTIFF WAITED FOR RESTORATION OF RESIN CROWN#8, HE WAS IN SEVERE PAIN AND HE APPARENTLY DEVELOPED AN INFECTION BECAUSE DEF. DR. MEYER PRESCRIBED HIM ANTIBIOTICS AFTER HE RESTORED RESIN CROWN#8. ∠EXH. U7 THUS, THE 35-DAY DELAY IN RESTORING PLAINTIFF'S RESIN CROWN#8 RESULTED IN AN INFECTION. PLAINTIFF REPLEAD PARAGRAPH17.

42. THE COMPOSITE RESIN TOOTH#8 IS LOCATED BETWEEN PLAINTIFF'S TWO FRONT TEETH. PLAINTIFF CANNOT BITE WITH HIS FRONT TEETH OR BRUSH THE COMPOSITE RESIN TOOTH FOR FEAR OF IT FALLING OUT AGAIN. MOREOVER, THE COMPOSITE RESIN TOOTH IS MUCH SHORTER THAN PLAINTIFF'S OTHER FRONT TEETH THAT IT APPEARS HE IS TOOTHLESS WHEN HE SMILE AND THUS CAUSING HIM EMBARRASSMENT.

FAILURE TO PROVIDE POST AND CROWN

43. ON 11-13-18, DEF. DR. MEYER TOLD PLAINTIFF HE NEEDED A POST AND CROWN OR A PARTIAL DENTAL PLATE BUT HE COULD ONLY PROVIDE HIM WITH A COMPOSITE RESIN TOOTH IN REPLACEMENT OF RESIN CROWN #8 BECAUSE IDOC POLICIES PROHIBIT SUCH DENTAL PROCEDURES. DEF. DR. MEYER FURTHER INFORMED PLAINTIFF THAT HE DID NOT KNOW HOW LONG THE COMPOSITE RESIN TOOTH WOULD HOLD. ∠EXH. V 7

44. PLAINTIFF FILED GRIEVANCE# 104873 ABOUT IDOC POLICY PROHIBIT-ING POST AND CROWN, PARTIAL DENTAL PLATES. IN THOSE GRIEVANCES #104873, PLAINTIFF REQUESTED A "DURABLE" COMPOSITE TOOTH THE SAME SIZE AND COLOR AS HIS OTHER FRONT TEETH AS AN ALTERNATIVE. ∠EXH. V 7

45. IN RESPONSE TO GRIEVANCE#104873, DEF. HOBSON STATED THAT THE ANSWER ON THE INFORMAL IS APPROPRIATE." ∠EX.W⟩

46. IN RESPONSE TO GRIEVANCE#104873, DEF. BROWN STATED IN PART: "THE DENTIST IS REQUIRED TO WORK WITHIN THE POLICY SET FORTH, CURRENTLY DOC POLICY DOES NOT ALLOW THE PROCEDURE YOU WOULD PREFER." ∠ EXH. X ⟩

47. IN RESPONSE TO GRIEVANCE#104873, DEF. TAFOYA STATED IN PART: "CURRENTLY IT IS REPORTED THAT TOOTH#8 IS STILL FUNCTIONAL. DENTAL DIRECTOR NOTES THAT AT THE TIME THE TOOTH IS NO LONGER FUNCTIONAL THEN IT WILL BE REMOVED PER DENTAL POLICY." ∠EXH.W⟩

48. POST AND CROWNS AND PARTIAL DENTAL PLATES ARE SERIOUS DENTAL NEEDS. THUS, I DOC POLICY PROHIBITING POST AND CROWNS AND PARTIAL DENTAL PLATES CONSTITUTE DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS DENTAL NEEDS.

FAILURE TO PROVIDE ROOT CANALS

49. BOTH DR. JIMERSON AND DEF. DR. MEYER INFORMED PLAINTIFF THAT HE NEEDED ROOT CANALS DONE ON TEETH#2 AND #28 BUT IDOC PROHIBIT SUCH PROCEDURE BECAUSE IT WAS TOO EXPENSIVE AND TIME CONSUMING. ∠EXH. Y 7

50. PLAINTIFF FILED GRIEVANCE#102839 ABOUT IDOC POLICY PROHIBITING ROOT CANALS. IN GRIEVANCE#102839, THE PLAINTIFF COMPLAINED THAT HE HAVE HAD TWO TEETH EXTRACTED DUE TO IDOC POLICY PROHIBITING ROOT CANALS AND HE REQUESTED THAT IDOC DESIST ITS PRACTICE OF EXTRACTING RATHER THAN REPAIRING TEETH VIA ROOT CANALS. ∠EXH. Y 7

51. IN THEIR RESPONSE TO GRIEVANCE# 102839, DEFS. HOBSON, BROWN AND FAFOYA FAILED TO ADDRESS PLAINTIFF'S COMPLAINT AND HIS REQUEST. MOST SIGNIFICANTLY,

18

THE DEFENDANTS DOES NOT DENY THAT
IDOC PROHIBIT ROOT CANALS. ∠EXH.❡ 7

52. THE IDOC POLICY PROHIBITING ROOT
CANALS CONSTITUTE DELIBERATE
INDIFFERENCE TO PLAINTIFF'S SERIOUS
DENTAL NEEDS. MOREOVER, AS STATED
ABOVE, PLAINTIFF HAVE LOST TWO
TEETH DUE TO IDOC POLICY OF
PROHIBITING ROOT CANALS.

UNCONSTITUTIONAL POLICIES

53. AS THE COMMISSIONER, DEF. CARTER IS
THE FINAL POLICYMAKER OVER THE
INDIANA DEPARTMENT OF CORRECTION
AND THUS HE IS RESPONSIBLE FOR
CREATING THE UNCONSTITUTIONAL
POLICY THAT REQUIRES DENTISTS
TO ADDRESS ONE SEVERE DENTAL
ISSUE AT A TIME. MOREOVER,
DEF. CARTER CREATED POLICIES
THAT PROHIBITS PARTIAL DENTAL
PLATES, POST AND CROWNS AND
ROOT CANAL IN ORDER TO SAVE MONEY.

19

ACCORDINGLY, BECAUSE THE AFOREMENTIONED IDOC POLICIES CREATED BY DEF. CARTER ARE DELIBERATE INDIFFERENT TO PLAINTIFF'S SEVERE DENTAL NEEDS, HE IS LIABLE FOR THE VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHTS.

54. THE PLAINTIFF HAS NO PLAIN, ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRREPARABLY INJURY BY THE CONDUCT OF THE DEFENDANTS UNLESS THIS COURT GRANT THE DECLARATION INJUNCTIVE RELIEF WHICH PLAINTIFF SEEK.

VI. EXHAUSTION OF ADMINISTRATIVE REMEDY

55. PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES WITH RESPECT TO ALL CLAIMS AND ALL DEFENDANTS.

## VII. RELIEF

WHEREFORE, PLAINTIFF REQUESTS THE COURT GRANT THE FOLLOWING RELIEF:

56. A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND LAW OF THE UNITED STATES.

57. A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANTS TO DESIST EXTRACTING RATHER THAN REPAIRING TEETH VIA ROOT CANALS.

58. A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANTS TO PROVIDE PLAINTIFF WITH A POST AND CROWN, PARTIAL DENTAL PLATE OR, IN THE ALTERNATIVE, PROVIDE THE PLAINTIFF WITH AN "DURABLE" COMPOSITE TOOTH IN REPLACEMENT OF RESIN CROWN #8 THAT IS THE SAME SIZE AND COLOR AS HIS OTHER FRONT TEETH.

59. COMPENSATORY DAMAGES IN THE AMOUNT OF $100,000 AGAINST EACH DEFENDANTS, JOINTLY AND SEVERALLY.

60. PUNITIVE DAMAGES IN THE AMOUNT OF $50,000 AGAINST EACH DEFENDANT.

61. A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY.

62. PLAINTIFF'S COST IN THIS SUIT.

63. ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER AND EQUITABLE.

RESPECTFULLY SUBMITTED,

_Asher Hill_

ASHER HILL

VERIFICATION

I, ASHER HILL, HEREBY AFFIRM
UNDER THE PENALTIES OF PERJURY
THAT THE ABOVE AND FOREGOING
REPRESENTATIONS ARE TRUE AND
CORRECT TO THE BEST OF MY
KNOWLEDGE AND BELIEF.

_Asher Hill_
ASHER HILL


CERTIFICATE OF SERVICE

A COPY OF THE FOREGOING HAS BEEN
SERVED ON ADVERSE PARTIES OR
THEIR COUNSEL PURSUANT TO THE
COURT'S PRISONER E-FILING PROGRAM.

_Asher Hill_
ASHER HILL

23